OPINION OF THE COURT
Peter Tom, J.
The issue raised by this motion is whether a rent-stabilized tenant can offset rent owed to the current landlord for rent overcharges collected by the predecessor landlord when the tenant has already entered and docketed a judgment against the prior landlord for the amount of the overcharges.
Respondent filed a rent overcharge complaint against peti *346 tioner’s predecessor with the Department of Housing and Community Renewal (DHCR) in February 1984. In September 1985, the DHCR issued an order finding rent overcharges in the sum of $9,025.58. The DHCR order was subsequently reduced to a money judgment by respondent and docketed against the prior owner with the County Clerk, New York County, on February 23, 1987.
Petitioner took title of this property in March 1987 and brought this nonpayment proceeding against respondent in May 1987 when respondent withheld rent.
Respondent in this motion seeks to dismiss the petition based on the rent overcharge order of the DHCR.
It is respondent’s contention that under the provisions of the Rent Stabilization Code, the present owner is liable for rent overcharges collected by the owner’s predecessor in interest, and that respondent may seek to collect the penalties by both entering a judgment against the landlord and offsetting present rent until the judgment is fully satisfied.
Respondent is correct as to the present owner’s liability to a rent-stabilized tenant for rent overcharges collected by its predecessor.
Rent Stabilization Code (9 NYCRR) § 2526.1 (f) (2), which became effective on May 1, 1987, provides that the current owner is responsible for all penalties based on rent overcharges collected after April 1, 1984, including overcharges collected by any prior owners.
However the Rent Stabilization Law (Administrative Code of City of New York § 26-501 et seq.) further provides that a tenant may choose one remedy to recover any overcharge penalties from the landlord and not both remedies as urged by respondent.
Section 4 of the Omnibus Housing Act (L 1983, ch 403), which amended section 12 of the Emergency Tenant Protection Act (ETPA) (L 1974, ch 576, § 4), provides in pertinent part as follows: "The order of the state division of housing and community renewal awarding penalties may * * * be filed and enforced by a tenant in the same manner as a judgment or, in the alternative, not in excess of twenty percent thereof per month may be offset against any rent thereafter due the owner.” (ETPA § 12 [a] [1] [b] [iii] [e].)
Rent Stabilization Code § 2526.1 (e) and New York City Rent Stabilization Law § 26-516 (a) (5) also have similar language of *347 the alternative remedies in which a tenant may seek to recoup overcharge penalties from the landlord.
The overcharge order of the DHCR specifically provides that the tenant, "may then take either, but not both, of the following steps to obtain the amount awarded.”
A tenant who has received an award for rent overcharge penalties from the DHCR may enter and docket a money judgment against the landlord or, in the alternative, deduct from present rent up to 20% of the penalties per month, until the penalties are fully paid but may not do both.
Respondent in choosing to enter and docket a judgment against the prior landlord may not now be permitted to offset rent owed to the current owner. Respondent is bound by his choice of remedy.
There is no allegation by respondent, in the motion papers, that there exists any collusion between petitioner and its predecessor or fraud committed for the court to rule otherwise.
To permit respondent to seek both remedies to recover overcharge penalties would work contrary to the intention of the Legislature and can possibly result in a double recovery for the tenant under the facts of this case since the respondent may not be obligated to file a satisfaction of judgment against the prior owner for any rent deducted because the judgment debtor is a different entity than the present landlord.
Respondent’s citation of this court’s decision in Turner, 308 Realty v Spear (134 Misc 2d 733) in support of his contention is misplaced under the facts of this case.
In the Turner case (supra), this court held that an innocent owner may be held responsible to a rent-stabilized tenant for rent overcharges collected by its predecessors in interest. The Turner case was decided prior to the adoption of section 2526.1 (f) (2) of the Rent Stabilization Code. The Turner case may be distinguished from the instant proceeding in that the tenant in the Turner case did not docket a judgment against the predecessor landlord as the respondent did in this case.
Respondent did not set forth any reason why he waited for approximately a year and a half before entering and docketing a judgment against the prior landlord.
The court further finds that respondent’s argument that equity dictates that he should be permitted to offset current rent owed petitioner since he cannot satisfy the judgment *348 against the prior owner to be unpersuasive. Respondent asserts that the Sheriff was unable to execute upon the bank account of petitioner’s predecessor.
The docketing of a money judgment against a judgment debtor creates a lien on any real property, located in the county where the judgment is docketed, in which the judgment debtor has an interest. Any subsequent transfer of the interest of the judgment debtor in the realty while the judgment is in effect will not affect the enforcement of the judgment lien by the judgment creditor. (See, CPLR 5203 [a].)
Respondent asserts, in his motion papers, that a judgment has been docketed against the predecessor landlord in New York County before title of the property was transferred to petitioner. This would create a lien on the property in issue and respondent may seek to enforce the judgment on this property pursuant to CPLR article 52.
Further, it appears that petitioner has conveyed a purchase-money mortgage to the predecessor landlord at the time title was transferred as evidenced by a mortgage agreement dated March 4, 1987, annexed as exhibit A of respondent’s motion papers, which respondent mistakenly identified as the deed of the property. Since petitioner owes a debt to its predecessor, it, in effect, became a garnishee and respondent may seek to enforce the judgment against petitioner as such.
The predecessor landlord is listed as a partnership and the names of the individual partners with their addresses are listed in the overcharge order of the DHCR, annexed as exhibit B of respondent’s motion papers. Respondent may also seek to execute the judgment as against them individually.
Respondent is not without any recourse in the judgment entered against the predecessor landlord as he alleges in the instant motion.
Based on the foregoing, respondent’s motion is denied.
This proceeding is placed on the Part 18 Calendar of February 8, 1988 at 9:30 a.m. to be assigned to a Housing Part for trial.